**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:25-cv-04568 |
| v. | ) ) | |
| C&N CONSTRUCTION INC. | ) ) | |
| Defendant. | ) | |

**DEFENDANT C&N CONSTRUCTION INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

<u>ANSWER</u>

NOW COMES the Defendant, C&N Construction Inc. ("C&N"), by and through it's attorney, Brian Douglas Moore Goodrich of Justin Abdilla and Associates, and as for its answer to Plaintiff George Moore's ("Moore") Complaint, states as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

**ANSWER**: C&N admits that § 2(6) and § 2(9) of the Telephone Consumer Protection Act of 1991 contain the statements quoted in Paragtaph 1. C&N lacks knowledge and information sufficient to

1

form a belief about the truth of the remaining allegations of Paragraph 1, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-notcall" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER**: C&N admits that Paragraph 2 accurately quotes *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). C&N admits that 47 C.F.R. § 64.1200(c)(2) contains regulations telephone solicitations made to residential telephone numbers registered on the national do-not-call registry. C&N admits that federal law provides a private right of action for violations of 47 C.F.R. § 64.1200(c)(2). C&N denies that Paragraph 2 contains a complete recitation of the

2

statutes and regulations related to the national do-not-call registry, and denies the remaining allegations of Paragraph 2.

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that C&N Construction Inc. ("C&N Construction"), violated the TCPA by sending multiple telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as sending such calls after the call recipients had asked that they stop.

**ANSWER**: C&N denies that it violated the TCPA. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

4. Because such calls typically use technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**ANSWER**: C&N denies that it violated the TCPA. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**: C&N denies the allegations of Paragraph 5.

3

## PARTIES

6. Plaintiff George Moore is an individual residing in the Northern District of Illinois.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

7. Defendant C&N Construction Inc. is headquartered and has its principal place of business in Illinois.

**ANSWER**: C&N admits the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER**: C&N denies that it violated 47 U.S.C. § 227 *et seq*. C&N admits the remaining allegations of Paragraph 8.

9. This Court has general jurisdiction over C&N Construction because it is located in this District.

**ANSWER**: C&N admits the allegations of Paragraph 9.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls at issue were orchestrated and designed to obtain business from individuals located in this District, and the calls were placed to this District and therefore a substantial part of the events giving rise to the claims occurred in this District.

4

**ANSWER**: C&N admits that venue is proper. C&N denies that it violated 47 U.S.C. § 227 *et seq* and denies the remaining allegations of Paragraph 10.


## BACKGROUND

The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

11. The TCPA prohibits sending multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER**: C&N denies the allegations of Paragraph 11.


12. The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: C&N admits that 47 C.F.R. § 64.1200(c)(2) allows residential telephone subscribers to register their telephone numbers on the national do-not-call registry. C&N denies the remaining allegations of Paragraph 12.


13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER**: C&N admits that Paragraph 13 accurately quotes 47 C.F.R. § 64.1200(c)(2).

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: C&N denies the allegations of Paragraph 14.


## FACTUAL ALLEGATIONS

15. Defendant C&N Construction is in the business of providing residential contractor services.

**ANSWER**: C&N admits the allegations of Paragraph 15.


16. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: C&N admits the allegations of Paragraph 16.


17. Plaintiff Moore's telephone number (630) XXX-XXXX is a non-commercial telephone number that is used for residential purposes.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 17, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

18. Plaintiff Moore uses the telephone number for his own personal, residential, and household needs and reasons.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 18, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

19. Plaintiff Moore does not use the number for business reasons or business use.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 19, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

20. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 20, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

21. Plaintiff Moore's number has been on the National Do Not Call Registry for years since he registered it on the Registry prior to receiving the calls at issue.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 21, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

22. Despite that, Mr. Moore received at least 9 telemarketing calls from the Defendant, including multiple calls in July 2024, March and April 2025.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 22, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

23. First, on July 29, 2024, the Plaintiff received a call from "Julie", who identified herself as calling from C&N Construction.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 6, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

24. She offered an inspection of the call recipient's roofing, siding and gutters.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

25. C&N Construction offers such services so that they can get hired by the individuals they call to make roofing, siding and gutter repairs.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 25, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

26. Indeed, their website indicates that "we are the professionals that you will want to hire for your construction project.". See https://www.cnroofs.com/ (Last Visited on April 27, 2025).

**ANSWER**: C&N admits that its website stated as such as of April 27, 2025. C&N admits that it offers construction services. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 26, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

27. Mr. Moore then received another such call on March 27, 2025, this time from "John", who identified himself as calling from C&N Construction in Hillside.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 27, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

28. Citing recent poor weather, "John" solicited Mr. Moore to have his roof inspected for damage.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 28, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

29. Mr. Moore has received several prior calls with similar Caller ID numbers.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 29, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

30. To confirm the identity of the company that was calling him, Mr. Moore then called one such number back.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 30, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

31. The call was answered as "C&N Construction".

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 31, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

32. Mr. Moore then sent a writing to the Defendant requesting a copy of their do-not call policy and asking to be placed on their do-not-call list.

**ANSWER**: C&N denies that it received such a writing. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 32, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

33. The Plaintiff asked for a response to his writing.

**ANSWER**: C&N denies that it received such a writing. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 33, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

34. C&N Construction did not provide one.

**ANSWER**: C&N denies that it received such a writing. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 34, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

35. Instead, the Plaintiff continued receiving telemarketing calls from the Defendant.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 35, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

36. On April 7, 11 and 17, the Plaintiff received calls from "Martin", who identified himself as calling from C&N Construction.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 36, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

37. Similar to the prior calls, "Martin" solicited Mr. Moore to have his roof inspected so that C&N Construction could be hired to repair it.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 37, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

38. The calls were all placed to sell Defendant C&N Construction's goods and services.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 38, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

39. Indeed, NoMoRobo, which won the federal government's award for detecting spam calls, identified the numbers that called the Plaintiff as spam callers. See e,g, https://www.nomorobo.com/lookup/630-576-1805, https://www.nomorobo.com/lookup/630-576-1806, https://www.nomorobo.com/lookup/630-576-1808 (Last Visited on April 27, 2025).

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 39, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

40. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 40, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

41. The Plaintiff never provided his consent or requested the calls.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 41, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

42. The aforementioned calls to the Plaintiff were unwanted.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 42, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

43. The calls were non-consensual encounters.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 43, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

44. The Defendant had the ability to immediately honor Plaintiff's do not call request, but it did not. Instead, the Defendant continued to harass the Plaintiff for daring to make such a request.

**ANSWER**: C&N lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 44, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

45. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated.

**ANSWER**: C&N denies the allegations of Paragraph 45.

CLASS ACTION ALLEGATIONS

46. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER**: C&N incorporates by reference its answers to all other paragraphs of this Complaint as if fully stated herein.

47. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER**: C&N admits that Moore brings this action. C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 47.

48. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone number were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER**: C&N admits that Moore proposes the foregoing Class definitions. C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 48.

14

49. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

**ANSWER**: C&N denies the allegations of Paragraph 49.

50. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**: C&N admits that Moore proposes to exclude the above described individuals from the above defined proposed Classes. C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 50.

51. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

**ANSWER**: C&N denies the allegations of Paragraph 51.

52. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER**: C&N admits that this Complaint seeks injunctive and money damages. C&N denies that Moore or any other alleged parties are entitled to such relief, and denies the remaining allegations of Paragraph 52.

53. The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 53.


54. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were sent in a generic fashion.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 54.


55. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 55.


56. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 56.

57. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 57.

58. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c. Whether Defendant's conduct constitutes a violation of the TCPA; and

d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 58 and subparagraphs 58 a-d, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

59. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

**ANSWER**: C&N denies the application of Rule 23 to this matter. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 59, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

17

60. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER**: C&N denies the application of Rule 23 to this matter. C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 60, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

61. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant or any other vendors providers used by Defendant as may be revealed in the course of discovery.

**ANSWER**: C&N denies the application of Rule 23 to this matter, and denies the remaining allegations of Paragraph 61.

62. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**: C&N denies the application of Rule 23(b)(2) or (b)(3). C&N lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 62, which has the effect of a denial pursuant to Rule 8(a)(5) of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER**: C&N incorporates by reference its answers to all other paragraphs of this Complaint as if fully stated herein.

64. The foregoing acts and omissions of Defendant, and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their number being on the National Do Not Call Registry.

**ANSWER**: C&N denies the allegations of paragraph 64.

65. Defendant's violations were negligent, willful, or knowing.

**ANSWER**: C&N denies the allegations of paragraph 65.

66. As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER**: C&N denies the allegations of paragraph 66.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, from sending telemarketing calls to any telephone number registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER**: C&N denies the allegations of paragraph 67.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(D) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER**: C&N incorporates by reference its answers to all other paragraphs of this Complaint as if fully stated herein.

69. The foregoing acts and omissions of Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER**: C&N denies the allegations of paragraph 69.

70. Defendant's violations were negligent, willful, or knowing.

**ANSWER**: C&N denies the allegations of paragraph 70.

71. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER**: C&N denies the allegations of paragraph 71.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Injunctive relief prohibiting Defendant from calling any individual who had previously asked not to be called except for emergency purposes, in the future;

C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

E. Such other relief as the Court deems just and proper.

**ANSWER**: To the extent that the "Prayer for Relief" can be construed as part of the allegations of the Complaint, C&N denies them.

## AFFIRMATIVE DEFENSES

COMMON FACTS

1. At all times relevant, C&N maintained its own outbound call center, staffed by C&N employees and agents, to telemarket C&N's construction services to potential customers in Illinois. ("Call Center")

2. C&N's Call Center conducted telemarketing campaigns using call lists of Illinois residential phone numbers obtained from third-party vendors.

3. At all times relevant, C&N maintained a written do not call policy ("DNC Policy") for its Outbound Call Center.

4. The purpose of the DNC Policy was ensure that C&N's telemarketing practices complied with State and Federal telemarketing laws, including the TCPA and regulations relating to the National Do Not Call Registry and the maintenance of an Internal Do Not Call List ("Internal DNC List").

5. C&N's DNC Policy required that all Call Center agents and employees engaged in telemarketing receive compliance training regarding the DNC Policy and the requirements of the TCPA and its regulations ("DNC Compliance Training").

6. C&N's DNC Compliance Training was conducted pursuant to a written training manual, which advised Call Center agents and supervisors on how to conduct telemarketing in compliance with the TCPA and its regulations. ("DNC Compliance Training Manual").

7. At the time of C&N's pleading its Affirmative Defenses, Plaintiff Moore has not yet disclosed the phone number at which C&N allegedly called him, and that is allegedly registered on the national do-not-call registry. As such, C&N lacks sufficient information to form a belief as to whether or not it or its agents may have called Plaintiff Moore at this registered phone number as part of a telemarketing campaign.

**FIRST AFFIRMATIVE DEFENSE**
**National Do-Not-Call List Safe Harbor**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)(2)(i)))**
**As to Plaintiff and the National Do Not Call Registry Class**

8. C&N incorporates by reference the allegations contained in paragraphs 1-7 of its Affirmative Defenses as though fully restated herein.

9. 47 U.S.C. § 227(c)(5) provides, in pertinent part, that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

10. 47 C.F.R. § 64.1200(c)(2) provides, in pertinent part, as follows:

> Any person or entity making telephone solicitations ... will not be liable for violating this [section's prohibition on telephone solicitations to residential telephone subscribers registered on the national do-not-call registry] if:
>
> (i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:
>
> > (A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;
> >
> > (B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;
> >
> > (C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;
> >
> > (D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.
>
> 47 C.F.R. § 64.1200(c)(2)

11. C&N's DNC Policy and DNC Compliance Training Manual were written policies and procedures, implemented with due care as part of C&N's routine business practices, for the purpose of complying with the TCPA's national do-not-call rules and preventing calls in violation of those rules.

12. The DNC Policy provided that all of the Call Center's telemarketing call lists be "scrubbed" against the national do-not-call registry, in order to remove phone numbers from C&N's telemarketing call lists which were registered on the national do-not-call registry.

13. C&N used a third-party vendor known as HailTrace to generate outbound leads.

14. The lead data provided by HailTrace identified phone numbers that were registered on the national do-not-call registry, such that C&N could simply remove those numbers from its own call lists in order to prevent calls to those numbers.

15. HailTrace states on its website that it receives its data through partnership with Cole Information. See https://hailtrace.com/faq.

16. Cole Information requires that its customer, in this case HailTrace, uses data provided by Cole Information in compliance with the national do-not-call registry. See https://coleinformation.com/terms-and-conditions.

17. C&N reasonably relied upon HailTrace conducting itself in accordance with Cole Information's terms and conditions, including complying with the national do-not-call registry, because HailTrace advertises its partnership with Cole Information on its website.

18. In HailTrace's FAQ, they note that they update their data from Cole Information at least quarterly, which reasonably suggests to C&N and others in the marketplace that HailTrace is abiding by the terms of Cole Information's license in order to have continued access to Cole's data. See https://hailtrace.com/faq.

19. Accordingly, when HailTrace provided "scrubbed" lead data, C&N reasonably believed that HailTrace had complied with the national do-not-call registry in providing said data.

24

20. Per the DNC Policy and DNC Compliance Training Manual, C&N trained its Call Center personnel and compliance department in procedures established pursuant to the national do-not-call rules. Call Center personnel were trained to not call residential numbers on the do-not-call registry unless they had written consent from the consumer, unless the recipient was an existing customer within the last 18 months, or unless the call was not related to sales. Call Center personnel were also trained on C&N's "scrubbing" process and record-keeping.

21. The procedures set forth in paragraphs 3-6 and 11-20 met the "safe harbor" requirements of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)(i).

22. If C&N did send telemarketing calls to Plaintiff Moore's residential phone number that was registered on the national do-not-call registry, then upon information and belief, any such calls were made unintentionally and in error.

23. If C&N did send telemarketing calls to any members of the National Do Not Call Registry Class, then upon information and belief, any such calls were made unintentionally and in error.

**WHEREFORE**, Defendant C&N Construction, Inc. prays that this Honorable Court dismiss Plaintiff George Moore and the National Do Not Call Registry Class's First Cause of Action and deny any relief claimed therein.

### SECOND AFFIRMATIVE DEFENSE
### Internal Do-Not-Call List Safe Harbor
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))
### As to Plaintiff and the Internal Do Not Call Registry Class

24. C&N incorporates by reference the allegations contained in paragraphs 1-7 and 9 of its Affirmative Defenses as though fully restated herein.

25. 47 C.F.R. § 64.1200(d) provides, in pertinent part, as follows:

No person or entity shall initiate any ... call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making ... calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel. Personnel ... engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making ... any call for telemarketing purposes ... receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls ... must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making ... any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

(4) Identification of callers and telemarketers. A person or entity making ... any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect

26

them to be included given the identification of the caller and (for telemarketing calls) the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making ... any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)

26. C&N's DNC Policy and DNC Compliance Training Manual were written policies and procedures, implemented with due care as part of C&N's routine business practices, for the purpose of complying with the TCPA's internal do-not-call rules and preventing calls in violation of those rules.

27. C&N's DNC Policy and DNC Compliance Training Manual were available on demand if requested.

28. Per the DNC Policy and DNC Compliance Training Manual, Call Center personnel who engaged in telemarketing were trained that, during each call, they were to state their name, that they were calling on behalf of C&N Construction, and to offer a callback number. None of the callback numbers offered by Call Center personnel were 900 numbers, or any number for which charges exceeded local or long distance transmission charges.

29. Per the DNC Policy and DNC Compliance Training Manual, C&N informed and trained its Call Center personnel and in the existence and use of C&N's "Internal DNC List".

30. C&N used the software Readymode to maintain its Internal DNC List.

31. Per the DNC Policy and DNC Compliance Training Manual, Call Center personnel were trained to respect any consumer's request to not be called again. Upon receiving such a request, callers were trained to log the request in Readymode, which would place the consumer's phone number on C&N's Internal DNC List, and automatically prevent any future calls to that number.

32. Per the DNC Policy and DNC Compliance Training Manual, phone numbers were kept on the Internal DNC List for at least 5 years from the date of the consumer's request to not be called again.

33. Per the DNC Policy and DNC Compliance Training Manual, Call Center personnel were instructed to not call any phone number on the Internal DNC List unless they had written consent from the consumer, the call was to a business number (not a personal line), the recipient was an existing C&N customer within the last 18 months, or the call was non-sales related.

34. The procedures set forth in paragraphs 3-6 and 26-33 met the "safe harbor" requirements of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d).

35. Ordinarily, C&N receives requests to not be called again or to be placed on C&N's Internal Do Not Call List over the phone during the course of telemarketing calls.

36. Upon information and belief, C&N has never received a written request from any consumer to not receive further phone calls or to be placed on C&N's Internal DNC List.

37. As such C&N's Call Center procedures regarding its Internal DNC List were reasonably focused on processing requests made by consumers to Call Center personnel during the course of a telemarketing call.

38. Upon information and belief, Plaintiff Moore never told any C&N personnel over the phone that he did not want to be called again, that he wanted to be placed on C&N's Internal DNC List, or that he wanted a copy of C&N's written DNC policy.

39. C&N did not receive any writing from Plaintiff Moore requesting to not receive phone calls, requesting to be placed on C&N's Internal DNC List, or requesting a copy of C&N's DNC Policy.

40. If Plaintiff Moore did send a writing to C&N as alleged in Paragraph 32 of the Complaint, and if C&N received that writing, then upon information and belief, C&N's alleged failure to respond was unintentional and in error.

41. If C&N directed any further telemarketing calls to Plaintiff Moore after allegedly receiving the writing identified in Paragraph 32 of the Complaint, then upon information and belief, some or all of those calls were made within 10 business days of receiving the writing.

42. If C&N directed any further telemarketing calls to Plaintiff Moore more than 10 business days after allegedly receiving the writing identified in Paragraph 32 of the Complaint, then upon information and belief, any such calls were made unintentionally and in error.

43. If C&N did send telemarketing calls to any members of the Internal Do Not Call Registry Class more than 10 business days after receiving a request from said member to not be called further, then upon information and belief, any such calls were made unintentionally and in error.

**WHEREFORE**, Defendant C&N Construction, Inc. prays that this Honorable Court dismiss Plaintiff George Moore and the Internal Do Not Call Registry Class's Second Cause of Action and deny any relief claimed therein.

### THIRD AFFIRMATIVE DEFENSE

43. C&N reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

Date: July 7, 2025

Respectfully Submitted,
/s/ Brian Douglas Moore Goodrich
Brian Douglas Moore Goodrich
ARDC #: 6309108
Justin Abdilla & Associates
*Attorneys for Defendant*
650 Warrenville Rd. Unit 100
Lisle, IL 60532
Phone: (630) 839-9195
Email: bdgoodr@abdillalaw.com

## <u>CERTIFICATE OF SERVICE</u>

       I, Brian Douglas Moore Goodrich, an attorney of record in this matter, hereby certify that on July 7, 2025 I caused a true and accurate copy of the foregoing to be served upon all counsel of record, including those indicated in the below service list, by filing the same with the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Brian Douglas Moore Goodrich

Brian Douglas Moore Goodrich

<u>Service List</u>

Anthony Paronich
PARONICH LAW, P.C.
*Attorney for Plaintiff*
350 Lincoln St., Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com
Phone: (617) 485-0018
Fax: (508) 318-8100