IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : :  Case No. 1:25-cv-04568 |
| Plaintiff, | : |
| v. | : |
| C&N CONSTRUCTION INC. | : |
| Defendant. | :  Hon. Andrea Wood |

## JOINT INITIAL STATUS REPORT

**(1) The Nature of the Case**

a. <u>Identify the attorneys of record for each party, including the lead trial attorneys.</u>

*Plaintiff*                                              *Defendant*

Anthony Paronich (Lead Trial Attorney)   Brian Douglas (Lead Trial Attorney)
Paronich Law, P.C.                                 Moore Goodrich, Justin Abdilla & Associates

b. <u>Identify any parties that have not yet been served.</u>

Defendant has been served. Defendant intends to file a third-party complaint.

c. <u>State the basis for federal jurisdiction.</u>

Plaintiff claim this Court has subject matter jurisdiction over Plaintiff's Telephone Consumer Protection Act ("TCPA") claims pursuant to 28 U.S.C. § 1331 as Federal Question Jurisdiction because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

d. <u>Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.</u>

The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls. The Plaintiff alleges that the Defendant made telemarketing calls to individuals like himself who had placed themselves on the National Do Not Call Registry, without consent. Similarly, the Plaintiff also alleges that the Defendant made telemarketing calls to individuals after the call recipients had asked that they stop. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

e. The major legal and factual issues in the case.

The parties believe that the major legal and factual issues in this case include:

1. Whether Defendant made more than one telephonic solicitation to Plaintiff's residential phone number, registered on the National Do Not Call Registry, in a 12-month period.
2. Whether Defendant made telephonic solicitations to Plaintiff more than 10 days after receiving a request from Plaintiff for such calls to stop.
3. Whether the calls were made with the appropriate consent of the Plaintiff, an affirmative defense under the TCPA;
4. Whether Defendant made more than one telephonic solicitations in a 12 month period to numbers on the National Do Not Call Registry;
5. Whether telephonic solicitations were made to individuals who had previously asked for such calls to stop; and
6. Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).
7. Whether Defendant had implemented practices and procedures to prevent calls to phone numbers on the National Do Not Call Registry, and whether any telephonic solicitations made to such numbers were in error, which is an affirmative defense under the TCPA. Similarly Whether Defendant had implemented practices and procedures for maintaining an Internal Do Not Call List and for preventing calls

2

      to persons who had previously asked to not be called again, which is an affirmative defense under the TCPA.

8. Whether Defendant is entitled to contribution or indemnity from Hail Trace for any National Do Not Call Registry violations which resulted from lead data provided by Hail Trace.

    f. <u>Describe the Relief Sought</u>

The Plaintiff is seeking to certify nationwide classes pled in the complaint. On behalf of the putative classes pled, the Plaintiff is seeking a statutory damages award of up to $1,500 in damages for each call made, which is the statutory damages under the TCPA.

**(2) Case Plan**

    a. <u>Identify all pending motions.</u>

None.

    b. <u>State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.</u>

Defendant has answered the Complaint.

    c. <u>Submit a proposal for a discovery plan, including the following information:</u>

- The general type of discovery needed;

Plaintiff anticipates seeking documents and data that will include (1) electronic data regarding the calls placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls that consumers provided; (4) electronic data regarding the telephone dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationship between Defendant and their vendors; (6) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and

3

promotion of their services and products; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses.

Defendant anticipates requesting (1) Plaintiff's phone records for the months in question; (2) electronic data regarding any of Plaintiff's communications to Defendant; (3) lists of all past and current TCPA actions to which Plaintiff has been a party; (4) Hail Trace's policies and procedures concerning compliance with the National Do Not Call Registry as to the lead data that it provides to its customers; (5) Hail Trace's advertising and promotional materials regarding its marketing of lead data and partnership with Cole Information; (6) Hail Trace's contracts and agreements regarding its partnership with Cole Information; (7) third-party discovery on Nomorobo requesting electronic data supporting any claim by it that any phone numbers associated with Defendant are spam callers.

- Any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

The parties agree to use the Northern District of Illinois' Model Confidentiality Order subject to amendment for greater protections that may be necessary for certain categories of documents and will include a clawback provision.

- the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

August 1, 2025

- The date by which the parties will complete fact discovery

April 9, 2026

- whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed

4

    Expert discovery will be needed and disclosures should be made by May 8, 2026

- What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of <u>depositions or interrogatories permitted</u>

    The Plaintiff proposes May 22, 2026 as a cutoff to file a motion for class certification.

- <u>Dispositive Motions Due By:</u>

    90 days after the Court's ruling on Plaintiff's motion for class certification.

    b. <u>Indicate whether a jury trial is requested and the probable length of trial.</u>

    Plaintiff has demanded a jury. Plaintiff believe that if this matter is certified as a class action, then the trial is expected to last 3-4 days.

## (3) Settlement

    State whether any settlement discussions have occurred and describe the status of any <u>such discussions. Do not provide the particulars of any settlement demands/offers</u>

    The Parties have discussed the possibility of settlement. However, because the Plaintiff is only willing to entertain a class-wide settlement pursuant to Fed. R. Civ. P. 23, the Parties will need to engage in discovery related to the elements of Fed. R. Civ. P. 23, including the identity of class members, prior to entertaining settlement.

    The parties do not request a settlement conference.

## (4) Consent to Proceed Before a Magistrate Judge

    The parties have not unanimously consented to proceed before a Magistrate Judge.

Dated: July 15, 2025

| | |
|---|---|
| PLAINTIFF, | DEFENDANT, |
| */s/ Anthony I. Paronich* | /s/ Brian Douglas Moore Goodrich |
| Anthony I. Paronich | Brian Douglas Moore Goodrich |
| Paronich Law, P.C. | ARDC #: 6309108 |
| 350 Lincoln Street, Suite 2400 | Justin Abdilla & Associates |
| Hingham, MA 02043 | *Attorneys for Defendant* |
| (508) 221-1510 | 650 Warrenville Rd. Unit 100 |
| anthony@paronichlaw.com | Lisle, IL 60532 |
| | Phone: (630) 839-9195 |
| *Attorneys for Plaintiff* | Email: bdgoodr@abdillalaw.com |

## CERTIFICATE OF SERVICE

I, hereby certify that on July 15, 2025, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record. I also electronically transmitted the request to the remaining parties.

*/s/ Anthony Paronich*
Anthony Paronich