IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : :  Case No. 1:25-cv-04568 |
| Plaintiff, | : : |
| v. | : : |
| C&N CONSTRUCTION INC. | : :  Hon. Andrea Wood |
| Defendant. | : : |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

**INTRODUCTION**

Plaintiff served his first interrogatories and requests for production on July 12, 2025. Under Rules 33(b)(2) and 34(b)(2)(A), responses were due no later than August 11, 2025. Defendant neither timely responded nor obtained a Court-ordered extension. Over the ensuing weeks, Defendant repeatedly assured Plaintiff that written responses were imminent—promising delivery "by end of week," "late afternoon/evening," and "over the weekend"—but still delivered nothing as of the filing of this motion.

The Court should compel immediate compliance, deem untimely objections (other than privilege) waived. A copy of the requests are attached as Exhibit 1.

**BACKGROUND**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant, directly or through third parties, initiated telemarketing calls to numbers on the National Do Not Call Registry. Plaintiff alleges he had no relationship with Defendant and did not consent to receive telemarketing calls. *See* ECF No. 1,

1

Complaint. Consistent with Rule 26(f), the parties conferred and commenced discovery on both merits and class issues.

## MEET AND CONFER EFFORTS AND TIMELINE OF RESPONSES:

Pursuant to L.R. 37.2 and Fed. R. Civ. P. 37(a)(1), counsel conferred in good faith by telephone on September 11, 2025. Participants included Anthony Paronich for Plaintiff and Brian Goodrich for Defendant. Multiple additional emails and attempts to confer on August 14; September 10, 11, 17, and 19, 2025, with Defendant repeatedly representing that written responses and production were forthcoming, as outlined below:

- July 12, 2025 – Plaintiff serves First Interrogatories and First Requests for Production on Defendant (via email with courtesy Word copies).
- August 11, 2025 – Responses due (Rules 33(b)(2) and 34(b)(2)(A)). No responses served; no request for extension sent.
- August 14, 2025 – Defense counsel reports he is "putting together all the relevant documents" for production and will supplement disclosures.
- September 10–11, 2025 – Defense counsel apologizes that "we're still getting together the materials," proposes conferring "next Friday," and suggests sending "written responses… and some production sooner than later."
- On September 11 at 1:00 p.m. CT, counsel confer by telephone regarding overdue responses and schedule.
- September 17, 2025 – Defense counsel promises "written responses by end of week," to confer on any objections and specific requests needing more time.
- September 19, 2025 (5:47 p.m.) – Plaintiff reminds Defendant that responses will dictate content of the parties' status report due Monday.
- September 19, 2025 (6:12 p.m.) – Defense counsel replies he will have "substantive responses to many of the interrogatories" and identification of documents, "late afternoon/evening."
- Later September 19, 2025 – Defense counsel writes: "Apologies. I am still working on these… I am going to get them to you over the weekend."
- As of September 28, 2025 – No responses have been served.

## LEGAL STANDARD

Rule 26(b)(1) authorizes discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case; generalized assertions of burden or privacy do not suffice. See *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 956–58

(N.D. Ill. 2021). In a TCPA case, consent is an affirmative defense that the caller must prove. *Blow v. Bijora, Inc.,* 855 F.3d 793, 803 (7th Cir. 2017). Indeed, in a TCPA case class discovery essential to Rule 23 may not be withheld while contesting certification. *Whiteamire Clinic, P.A. v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013); *Ossola v. Am. Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015).

## ARGUMENT

### I. The Court Should Order a Date for the Defendant to Provide Discovery Responses and Complete its Production.

There is no dispute that the Plaintiff has sought what Defendant must conceded is some relevant information with these requests. As such, the Plaintiff is simply attempting to secure the documents that the Defendant will produce and receive the responses to interrogatories. Responses to interrogatories and requests for production are due within 30 days after service. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(a)(2). When a party fails to make disclosures within 30 days, or fails to cooperate in discovery, the party seeking discovery "may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B); *see also Hartford Accident & Indem. Co., Prop. & Cas. Ins. of Hartford v. Greater Lakes Ambulatory Surgery Ctr., LLC*, Case No. 18-13579, 2023 U.S. Dist. LEXIS 234814, *5 (E.D. Mi. Dec. 6, 2023).

Here, responses to Plaintiff's first set of interrogatories and requests for production were due on August 11, 2025. Defendant did not serve timely responses, did not provide a date certain for rolling production, and did not specify "another reasonable time" in a written response as required by Rule 34(b)(2)(B). Instead, over the course of several weeks, Defendant offered repeated assurances that responses were forthcoming—by the end of the week, late in the evening, or over the weekend—but ultimately delivered nothing. This pattern of delay is not

3

compliance; it is non-compliance warranting an order compelling immediate answers and production.

By failing to serve written responses within the deadline or obtain a Court-approved extension, Defendant has waived all objections other than privilege. Courts in this District routinely hold that untimely objections are forfeited. See *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.,* 236 F.R.D. 396, 398–99 (N.D. Ill. 2006). The Court should therefore direct Defendant to serve complete, unqualified responses to each interrogatory and request, subject only to any properly asserted privilege claims that are documented in a compliant log.

The discovery sought here is central to the case and proportional to its needs. This action turns on who was called, how, and why. Plaintiff's requests are narrowly focused on core categories: contact documents, do-not-call policies and training materials, vendor contracts and data sources such as HailTrace and Cole Information Services, evidence of consent or established business relationships, and the identification of custodians and third parties with relevant knowledge. Defendant's own disclosures confirm that such materials exist, and Defendant has admitted that vendor data was used and that documents are being compiled. These acknowledgments only underscore the relevance and necessity of the discovery at issue.

Given the elapsed time and unfulfilled assurances, the Court should order Defendant to respond and produce within seven days, require a privilege log compliant with Rule 26(b)(5), and direct counsel to provide a certification describing the custodians and systems searched, including any dialer or vendor platforms, along with the search terms and filters applied.

## CONCLUSION

The Plaintiff's motion to compel should be granted.

| | |
|---|---|
| Dated: September 28, 2025 | */s/ Anthony I. Paronich* <br> Anthony I. Paronich <br> PARONICH LAW, P.C. <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Tel: (617) 485-0018 <br> Fax: (508) 318-8100 <br> anthony@paronichlaw.com <br><br> *Counsel for Plaintiff and the proposed class* |